Filed 5/4/26

# CERTIFIED FOR PUBLICATION

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B343073 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA106109) |
| v. | |
| LORENZO MOSS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.

John Lanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

———————

Lorenzo Moss appeals after a Penal Code section 1172.75 resentencing.  (Further statutory citations are to the Penal Code unless noted.)  He argues the resentencing court exceeded its authority when reimposing an upper term sentence because a jury had not found, and he had not stipulated to, the aggravating factors underlying that sentencing choice.  We find no error and affirm.

## BACKGROUND

In 2017, Moss faced a five-count felony complaint that included charges for attempted murder and other crimes.  These charges emanated from him stabbing his romantic partner 17 times with a pocketknife and punching her in the face, all while she was hospitalized for an unrelated matter.  Moss pleaded guilty to count 2, which asserted he traumatically and willfully injured a romantic partner having already done so previously (§ 273.5, subd. (a); *id.*, subd. (f)(1) [increased penalties for a second offense]), and the People dismissed the remaining counts. The trial court sentenced Moss to a total of 17 years in prison.  It selected the upper term of five years for the section 273.5 conviction.  It doubled this term to 10 years because of a prior strike.  (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)  It then added one year for Moss's use of a deadly weapon (§ 12022, subd. (b)(1)), five years for Moss having a prior serious felony conviction (§ 667, subd. (a)(1)), and one year for Moss having served a prior prison term (§ 667.5, subd. (b)).

In 2021, the Legislature enacted section 1172.75, which invalidates enhancements for prior prison terms and requires a full resentencing of those whose sentences include them. (§ 1172.75, subds. (a), (b); Stats. 2021, ch. 728, § 3; see *People v. Rhodius* (2025) 17 Cal.5th 1050, 1067, fn. 3 ["where § 1172.75

applies, it requires full resentencing"].) Moss pursued resentencing in accord with section 1172.75's procedures. Amongst other sentencing reductions, Moss sought imposition of a middle term, rather than an upper term, for the section 273.5 conviction.

The resentencing court ultimately struck Moss's invalid one-year prior prison term enhancement and his one-year weapon use enhancement, but it otherwise retained the original sentencing court's choices and imposed a 15-year sentence. Regarding reimposition of the upper term for Moss's traumatic and willful injury of a romantic partner, the court explained:

> I am going with [the] high term due to the nature of the case and the fact that [Moss] does have a prior conviction that he stipulated to, and due to that prior conviction as already being stipulated to under this case, and him admitting to that prior conviction, I think the court is satisfied beyond a reasonable doubt by [rule of court] 4.421(b) factors [which are aggravating factors relating to defendant] in regards to that.

The court also explained it was counting Moss's deadly weapon use, admitted in connection with his plea, towards the upper term, and was, for that reason, excluding the one-year enhancement for weapon use from its sentence.

## DISCUSSION

According to Moss, the trial court could not, when resentencing him under section 1172.75, reselect the upper term for his section 273.5 conviction because a jury had not found, and he had not stipulated to, the aggravating factors underlying that sentencing choice. Moss argues he has a Sixth Amendment right to jury findings on any aggravating factors. Assuming Moss has not forfeited this claim by failing to raise it below (*People v.*

*French* (2008) 43 Cal.4th 36, 47 [rejecting forfeiture of jury right claims premised on the Sixth Amendment]), we nonetheless reject it.

As Moss notes, section 1170, subdivision (b)(2), following amendments in 2021, now requires a defendant to admit, or a competent factfinder to find beyond a reasonable doubt, any aggravating facts a sentencing court cites in selecting an upper term, making the middle term the otherwise appropriate punishment. (§ 1170, subd. (b)(2) [a court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial"]; see *People v. Mathis* (2025) 111 Cal.App.5th 359, 371 (*Mathis*) [discussing the 2021 amendments].) This reflects a change from the previous practice, applicable at Moss's original sentencing, in which the sentencing statutes authorized the maximum, upper-term punishment but allowed trial courts discretion to select among the upper, middle, or lower terms. (*People v. Lynch* (2024) 16 Cal.5th 730, 747–748.) Notably, both the present version of section 1170 and the version effective at Moss's sentencing comply with *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), and its requirement, based on the Sixth Amendment, of beyond-a-reasonable-doubt factfinding of any fact that exposes a defendant to a punishment beyond the maximum otherwise authorized by statute. (*Lynch*, at pp. 747–748.)

The Legislature enacted section 1172.75's resentencing process in the same year, 2021, that it amended section 1170,

4

subdivision (b).  (*Mathis*, *supra*, 111 Cal.App.5th at p. 371 .)
Section 1172.75, subdivision (d)(2), instructs a resentencing court
to "apply the sentencing rules of the Judicial Council and apply
any other changes in law that reduce sentences or provide for
judicial discretion so as to eliminate disparity of sentences and to
promote uniformity of sentencing."  But subdivision (d)(4)
addresses upper terms specifically.  The subdivision provides:
"Unless the court originally imposed the upper term, the court
may not impose a sentence exceeding the middle term unless
there are circumstances in aggravation that justify the
imposition of a term of imprisonment exceeding the middle term,
and those facts have been stipulated to by the defendant, or have
been found true beyond a reasonable doubt at trial by the jury or
by the judge in a court trial."  (§ 1172.75, subd. (d)(4).)

The Courts of Appeal have addressed the interplay between
section 1170, subdivision (b)(2), and section 1172.75, subdivision
(d)(2) and (4).  *People v. Brannon-Thompson* (2024) 104
Cal.App.5th 455, 466–467, holds that section 1172.75, subdivision
(d)(4), carves out an exception to section 1170, subdivision (b)(2),
and allows a resentencing court to reimpose an upper term
without additional factfinding beyond a reasonable doubt.
*Brannon-Thompson* additionally views section 1172.75,
subdivision (d)(4), as an exception to the more general rule of
section 1172.75, subdivision (d)(2), that new, ameliorative
sentencing rules should apply.  (*Brannon-Thompson*, at pp. 466–
467.)  *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 328–330
(*Gonzalez*) acknowledged the reasonableness of *Brannon-
Thompson*'s textual analysis but adopted a different
interpretation of the statutes.  It viewed section 1172.75,
subdivision (d)(4) as "simply restrict[ing] the scope of defendants

eligible to receive the upper term at resentencing to those who previously received the upper term, instead of creating a condition or exception independently justifying the imposition of the upper term." (*Gonzalez,* at p. 329, italics omitted.) *Gonzalez* preferred this interpretation because it was concerned, like Moss here, that allowing reimposition of upper terms without meeting the new factfinding requirements of section 1170, subdivision (b), could run afoul of *Apprendi.* (*Gonzalez*, at pp. 329–330.)

Appellate decisions after *Gonzalez*, however, have rejected its reasoning, especially with respect to defendants, like Moss, who were originally sentenced to upper terms in compliance with *Apprendi.* (*Mathis, supra,* 111 Cal.App.5th at pp. 373–374 [an original upper-term sentencing complied with *Apprendi*, and the Legislature, in enacting the section 1172.75 procedure, did not have to give defendants relief from that upper term, and the language of subdivision (d)(4) made clear it did not do so]; cf. *People v. Dozier* (2025) 116 Cal.App.5th 700, 715 [holding that even a defendant sentenced to an upper term before California previously amended section 1170 in 2007 to initially comply with *Apprendi* could be resentenced to that term under section 1172.75 without additional factfinding].)

Our Supreme Court will consider these matters in *People v. Eaton*, review granted May 14, 2025, S289903. (See *Mathis, supra*, 111 Cal.App.5th at p. 373, fn. 6.) Meanwhile, we follow the many appellate courts disagreeing with *Gonzalez* for the reasons stated by those courts. We thus agree the Legislature intended subdivision (d)(4) to limit the otherwise broad, ameliorative scope of a section 1172.75 resentencing, and that the Legislature could so limit the scope of relief for defendants with already-imposed, proper upper-term sentences without

generating new constitutional concerns under *Apprendi*. (*Mathis*, at p. 374, citing *People v. Padilla* (2022) 13 Cal.5th 152, 162 ["The Legislature may write statutes that provide for a different or more limited form of retroactivity, or for no retroactivity at all"].) Section 1172.75, subdivision (d)(4), by starting with the proviso that "[u]nless the court originally imposed the upper term," signals that there are two rules for imposing an upper term on resentencing: one rule for those with prior upper term sentences and another rule, involving heightened factfinding, for those without. Subdivision (d)(4) plainly permits a defendant with a prior middle term to receive, upon resentencing and proper factfinding, an upper term. *Gonzalez*'s proffered interpretation of subdivision (d)(4) as "simply restrict[ing] the scope of defendants eligible to receive the upper term at resentencing to those who previously received the upper term" (*Gonzalez, supra*, 107 Cal.App.5th at p. 329, italics omitted) thus seems counter textual.

Accordingly, the trial court could, at a section 1172.75 resentencing, reselect the upper term for Moss's section 273.5 conviction even though a jury had not found, and Moss had not stipulated to, the aggravating factors underlying that sentencing choice.

**DISPOSITION**

We affirm the judgment.

SCHERB, J.

We concur:

STRATTON, P. J.                    VIRAMONTES, J.